IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | | |
|---|---|---|
| MARIJA PERGJOKAJ, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-13359 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| BERNDT & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

NOW COMES the Plaintiff, MARIJA PERGJOKAJ, by and through her attorneys, SMITHMARCO, P.C., suing on behalf of herself and all other similarly situated, and for her complaint against the Defendant, BERNDT & ASSOCIATES, P.C., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   MARIJA PERGJOKAJ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Warren, County of Macomb, State of Michigan.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Arrow Financial Services, LLC, which had purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

6. The Debt was incurred for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief, LVNV Funding LLC subsequently purchased, acquired and/or otherwise obtained the Debt from Arrow Financial for the continued purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. BERNDT & ASSOCIATES, P.C., (hereinafter, "Defendant") is a law firm located in the City of Warren, State of Michigan.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    GENERAL ALLEGATIONS

15. On or about August 9, 2005, Arrow Financial Services, LLC obtained a judgment against Plaintiff in the 41-A District Court in the State of Michigan.

16. Upon information and belief, on or about September 23, 2011, Arrow Financial Services, LLC sold all of its assets, including the Debt allegedly owed by Plaintiff.

17. Upon information and belief, as of on or about September 23, 2011, Arrow Financial Services, LLC ceased trading and became a defunct corporate entity.

18. As of on or about September 23, 2011, Plaintiff did not owe the Debt to Arrow Financial Services, LLC.

19. Upon information and belief, on or about September 23, 2011, Arrow Financial Services LLC transferred, sold, assigned, conveyed, granted, bargained, set over, and delivered to the Debt to LVNV Funding LLC.

20. As of September 23, 2011, upon information and belief, the Debt was owed by Plaintiff to LVNV Funding LLC.

21. Notwithstanding the fact that the Debt was no longer owned by Arrow Financial Services, LLC, on August 21, 2015, Defendant issued a writ of garnishment to Plaintiff's employer in which Defendant listed the name of the Judgment-Creditor as Arrow Financial Services, LLC.

22.     The aforesaid representation by Defendant was false, deceptive and/or misleading given that the Debt was no longer owned by Arrow Financial Services, LLC but was rather owned by LVNV Funding LLC.

23.     Arrow Financial Services, LLC did not have standing to bring the garnishment action against Plaintiff.

## V.     CLASS ALLEGATIONS

24.     Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25.     The aforementioned class of individuals is defined as all persons to whom, during the one (1) year period prior to the filing of this Complaint, Defendant sent the Letter, or other communications substantially in the form of the Letter, in an attempt to collect a debt.

26.     The class is so numerous that joinder of all members is impractical.  Upon information and belief, Defendant has sent the Letter to hundreds, possibly thousands, of consumers.  Given that the aforementioned letters are standard form letters sent to myriad consumers, there exists a presumption of numerosity.

27.     There are questions of law and fact common the Class that predominate over any questions affecting only individual Class members.  The principal question at issue is whether Defendant violated the FDCPA by mailing the Letter, or other communications substantially in the form of the Letter, to Class members during the applicable time period as alleged.

28.     Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

29. There are no individual questions of fact, other than whether a Class member received one of the offending letters, which can be determined by a ministerial inspection of Defendant's records.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experience in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

31. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA are $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of individual Class members may be easily obtained from Defendant's records.

### VI. PLAINTIFF'S ALLEGATIONS

33. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

34. Defendant attempted to bring a garnishment action on behalf of a defunct corporation and represented that Arrow Financial Services, LLC had standing to proceed on a the collection of the Debt, which was no longer owed by Plaintiff to Arrow Financial Services, LLC.

35. Defendant misrepresented the character and status of the Debt.

36. Defendant falsely represented to whom the Debt was owed.

37. Defendant engaged in unfair and deceptive means as part of its efforts to collect the Debt.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## VII. DEFENDANT'S VIOLATIONS OF THE FDCPA

39. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

40. The Letter sent by Defendant to Plaintiff is a "communication" relating to a "debt" as those terms are defined by 15 U.S.C. §1692a(2) and §1692a(5).

41. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

  f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

42. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

## VIII.   Jury Demand

43. Plaintiff hereby demands a trial by jury on all issues so triable.

## IX.   Prayer for Relief

WHEREFORE, Plaintiff, MARIJA PERGJOKAJ, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. The maximum permissible amount of statutory damages;

  c. Attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

          Respectfully submitted,
          **MARIJA PERGJOKAJ**

          **By:**   s/ David M. Marco
            Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com